UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH HOFFLER,<br><br>    Plaintiff,<br><br>    v.<br><br>FRANK KENDALL, III, Secretary of the United States Air Force,<br><br>    Defendant. | Civil Action No. 22-2744 (JDB) |

## ORDER

Plaintiff Joseph Hoffler brought this action against Frank Kendall, the Secretary of the United States Air Force (the "Secretary"), in his official capacity challenging the Air Force Board for Correction of Military Records's (the "Board") denial of Hoffler's request to reconsider his application to correct his military record as arbitrary and capricious under the Administrative Procedure Act. Compl. [ECF No. 1] at 1. The Secretary now moves to either dismiss this action for improper venue or, alternatively, transfer it to the District of Maryland or another district where venue is proper. Def.'s Mot. to Dismiss, or Alternatively, to Transfer [ECF No. 4] ("Mot. to Transfer") at 3.[1] If the Court decides to transfer the action to another district, the Secretary also requests an additional 45 days after the date the Complaint is docketed in the new district to answer. Id. at 1. Hoffler opposes the motion to dismiss, consents to transfer to the District of Maryland, and opposes the 45-day extension in favor of an extension until January 27, 2023. Notice of Pl.'s

---

[1] Because the Secretary included the motion itself and the memorandum of law in support of the motion in the same filing, the Court will reference the PDF pagination of this document in its citations.

Consent to Transfer Action to U.S. District Ct. for the District of Maryland (Greenbelt) [ECF No. 5] ("Consent to Transfer") at 1–2.

In cases brought against an officer of the federal government in his official capacity, venue is proper "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." 28 U.S.C. § 1391(e)(1).

The District of Columbia is an improper venue for this action. The Secretary resides in Arlington, Virginia. Nader v. Sec'y of Air Force, Civ. A. No. 22-2023 (RDM), 2022 WL 17904133, at *2 (D.D.C. Dec. 23, 2022) ("The Secretary of the Air Force's residence is . . . the residence of the Air Force itself. And the Air Force resides at the Pentagon, which is located in Arlington, Virginia, not the District of Columbia."); see also Decl. of Deborah F. Davidson [ECF No. 4-1] ("Davidson Decl.") ¶ 4. The Board's challenged actions all took place at Joint Base Andrews, located in Maryland. Mot. to Transfer at 3–4; see Davidson Decl. ¶¶ 7–9; see also id. ¶ 10 (attesting that "no portion" of the challenged actions took place in D.C.); see also State v. U.S. Army Corps of Engineers, 304 F. Supp. 3d 56, 65–66 (D.D.C. 2018) ("In cases brought under the APA, courts generally focus on where the decisionmaking process occurred to determine where the claims arose." (quoting Nat'l Ass'n of Home Builders v. EPA, 675 F. Supp. 2d 173, 179 (D.D.C. 2009)). And Hoffler resides in Hertford, North Carolina. Mot. to Transfer at 3–4; see Compl. at 1 (providing North Carolina address in the case caption). Accordingly, the only proper venues for this action are the Eastern District of Virginia, the District of Maryland, and the Eastern District of North Carolina.

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." Gage v. Somerset Cnty., 322 F. Supp. 3d 53, 56 (D.D.C. 2018) (quoting Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)).

Here, since the parties agree that venue is proper in the District of Maryland, and because Hoffler consents to transfer the case to that district, the Court finds that it is in interests of justice to transfer the case to the District of Maryland rather than dismiss it. The Court will also grant the Secretary's motion for an extension, but will allow the Secretary 35 days, rather than the requested 45, from the date the action is docketed in the District of Maryland to answer the Complaint.

\*   \*   \*

For the foregoing reasons, and upon consideration of [4] defendant's motion to dismiss or, alternatively, to transfer, and for extension of time to answer, and the entire record herein, it is hereby

**ORDERED** that [4] defendant's motion to transfer is **GRANTED**; it is further

**ORDERED** that [4] defendant's motion to dismiss is **DENIED**; it is further

**ORDERED** that [4] defendant's motion for extension of time is **GRANTED**; it is further

**ORDERED** that this action is **TRANSFERRED** to the United States District Court for the District of Maryland; and it is further

**ORDERED** that defendant shall answer or otherwise respond to the complaint by not later than 35 days after the date on which the action is docketed in the District of Maryland.

**SO ORDERED.**

/s/

JOHN D. BATES
United States District Judge

Dated: January 12, 2023